**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOHNSHANE POWELL** | * | **CIVIL ACTION** |
|     **Plaintiff** | * | |
| | * | **NO.:** |
| **V.** | * | |
| | * | **JUDGE** |
| **KFK GROUP INC.,** | * | |
| **DASMEN RESIDENTIAL LLC, AND** | * | |
| **ABC INSURANCE COMPANY** | * | |
| | * | **JURY DEMAND** |
|     **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DASMEN RESIDENTIAL MANAGEMENT, LLC, AND RH EASTLAKE, LLC'S
<u>NOTICE OF REMOVAL</u>**

TO:   William W. Blevins
      Clerk of Court
      United States District Court
      Eastern District of Louisiana
      500 Poydras Street
      Room C151
      New Orleans, LA  70130

Defendants, Dasmen Residential Management, LLC and RH Eastlake, LLC[1] ("Defendants"), respectfully submit this Notice of Removal of the above-styled matter, and as cause therefore show as follows:

### I.  BACKGROUND

1.

This lawsuit began on April 1, 2019, when Plaintiff, Johnshane Powell, individually and on behalf of her minor children (collectively, "Plaintiffs"), filed their Petition for Damages (the "Petition") in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled

---

[1] Dasmen Residential Management, LLC and RH Eastlake, LLC are not the proper parties. Nevertheless, since they are the parties named in the suit, Defendants submit this removal on their behalf. Defendants are aware that Plaintiff intends to amend and name the correct entities shortly.

*Johnshane Powell versus KFK Group Inc, Dasmen Residential LLC, and ABC Insurance Company*, bearing civil action no. 2019-3529.[2] On November 14, 2019, Plaintiffs filed their First Amended Petition for Damage (the "Amended Petition"), on their own behalf "and on behalf of a putative class of similarly situated persons."[3]

2.

In Plaintiffs' Petition, Plaintiffs named Dasmen Residential, LLC; KFK Group, Inc.; and ABC Insurance Company as defendants.[4] In Plaintiffs' Amended Petition Damages, Plaintiff name Dasmen Residential Management, LLC; RH Eastlake, LLC; Eastlake Development, LLC; Latter & Blum Property Management, Inc.; KFK Group, Inc.; KFK Development, LLC; Lind Property Management, LLC; and Wilshire Insurance Company as defendants.[5]

3.

As discussed more fully in Sections III, *infra,* this Notice of Removal has been timely filed under 28 U.S.C. § 1446(b)(3) within 30 days of Defendants' receipt of a copy of the amended pleading "from which it may first be ascertained that the case is one which is or has become removable."[6]

---

[2] *See generally*, Copies of All Process, Pleadings, and Orders Served on Defendants, attached hereto as Exhibit A, Pet., at p. 1.
[3] *See id.* at Amended Pet., p. 1.
[4] *See id.* at Pet., ¶ 2.
[5] *See id.* Amended Pet., ¶2.
[6] *See* Sections III, *infra*.

4.

Venue for this removal is proper because the United States District Court for the Eastern District of Louisiana is the district court embracing the Orleans Parish, Louisiana—where the state court action is pending.[7]

## II. GROUNDS FOR REMOVAL—CLASS ACTION FAIRNESS ACT

6.

This Court has original subject matter jurisdiction over this mass action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), because (A) there are more than 100 members of the proposed class, (B) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (C) there is diversity of citizenship between one plaintiff class member and one defendant.[8]

### A. Mass Action

7.

CAFA authorizes the removal of "mass actions," defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."[9]

8.

Plaintiffs allege in their Amended Petition "there are about 442 units in the apartment complex and the time span of this case covers several years" and "[t]here is a substantial probability that well over 1,000 individual suits would have to be filed."[10] Plaintiffs further allege

---

[7] *See* 28 U.S.C. § 1441; 28 U.S.C. § 98(a) ("The Eastern District comprises the parishes of . . . Orleans . . . .").
[8] 28 U.S.C. § 1332(d)(2); *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236 (5th Cir. 2015) (*citing Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 85-86 (5th Cir. 2013)).
[9] 28 U.S.C. § 1332(d)(11)(B)(i).
[10] *See* Ex. A, Amended Pet., ¶34.

that "[t]he prosecution of separate actions by individual plaintiffs, rather than a class, would create significant risks of inconsistent or varying results."[11] Plaintiffs also allege that, "there are former and current residents… who have common claims against Defendants."[12] Accordingly, Plaintiffs' civil action is a mass action under CAFA.

### B. Amount in Controversy

9.

For "mass actions," removing defendant must show that at least one plaintiff's claim satisfies the $75,000 individual amount in controversy and that there is an aggregate amount in controversy in excess of $5,000,000, exclusive of interest and costs, relating to all class members, named or unnamed, whom fall under the definition of the proposed or certified class.[13] Removing defendant may adduce summary judgment evidence of the amount in controversy, or show that the amount is "facially apparent" from plaintiffs' pleadings alone.[14] The court must decide by a preponderance of the evidence whether the relevant amount in controversy is met.[15] The removing party's burden is to show not only what the stakes of the litigation could be, but also what they are given the plaintiff's actual demands.[16] While the removing party may not rely solely upon conclusory statements, a "plausible allegation" is all that is required absent plaintiff opposition.[17] Once the removing party plausibly explains amount in controversy, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.[18]

---

[11] *See id.* at ¶38.
[12] *See id.* at ¶33
[13] *See, e.g., Robertson v. Exxon Mobil Corp.*, 814 F.3d 236 (5th Cir. 2015).
[14] *E.g., Perritt v. Westlake Vinyls Co., L.P.*, 562 Fed. Appx. 228 (5th Cir. 2014).
[15] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).
[16] *Berniard v. Dow Chemical Co.*, 481 Fed. Appx. 859 (5th Cir. 2010) (*quoting Spivey v. Verture, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).
[17] *Dart Cherokee*, 574 U.S. at 87.
[18] *Berniard*, 481 Fed. Appx. at 862 (*quoting Spivey*, 528 F.3d at 986).

10.

While Defendants deny all Plaintiffs' claims, it is facially apparent that Plaintiffs' Amended Petition sufficiently establishes both amounts in controversy. First, Plaintiffs allege that they and the class members suffered damages including "bodily injury (past, present and future); emotional distress (past, present and future); loss of enjoyment of life (past, present and future); medical expenses (past, present and future); financial losses (past, present and future); damages to her personal property."[19] Specifically, Plaintiffs allege that Defendants' negligence, has created a scene of general disrepair at the 442-unit apartment complex where the putative class members reside or formerly resided, leading to the presence of claimed hazardous substantial widespread water intrusion issues, widespread mold growth and exposure, widespread plumbing problems, inadequate security, infestation with roaches and other insects, inadequate lighting conditions, and a plethora of other dangerous conditions," among other issues.[20] Although Plaintiffs fail to assert specific injuries arising from these issues, they allege that Defendants' conduct constitutes a continuing tort of gross negligence, which creates an inference that the aforementioned dangers remain, and thus, Plaintiffs' injuries are ongoing.[21] Finally, Plaintiffs allege the New Orleans Department of Code Enforcement inspected the complex and the apartment units were "not found to be fit for the purpose of human habitation."[22] The totality of the alleged factual allegations and injuries claimed by certain putative class members, if proven, likely establishes the requisite jurisdictional amount of $75,000.00 for at least one plaintiff.

---

[19] *See* Ex. A, Amended Pet., at ¶¶9, 31.
[20] *See id.*, ¶¶7-9, 14, 16-17, 24.
[21] *See id.* at ¶¶ 25-27.
[22] *See id.* at ¶ 5-6, 27.

11.

Second, for the purpose of CAFA jurisdiction and assuming Plaintiffs' allegations are true, which is denied, the Plaintiffs' proposed class description is sufficient to establish a potential aggregate amount in controversy that meets the required $5 million jurisdictional threshold.[23] Plaintiffs allege that the class involves 442 units in the apartment complex and the time span of this case covers several years" and "[t]here is a substantial probability that well over 1,000 individual suits would have to be filed."[24] Indeed, Plaintiffs characterize the class as encompassing all "former and current residents" of the complex without any reference to a specific span of time.[25] Theoretically, Plaintiffs' proposed class could encompass thousands of members given the total number of apartments and occupancy periods. Thus, even "[a] minimal award compensating each member of such a substantial class for the alleged damages would more likely than not satisfy the jurisdictional"[26] amount of $5 million, exclusive of interest and costs. Again, Defendants deny Plaintiffs' claims, but assert that on its face Plaintiffs' Petition for Damages asserts claims that can easily be inferred to reach the amount in controversy requirements.

12.

Defendants have shown by a preponderance of the evidence that it is facially apparent from Plaintiffs' Amended Petition for Damages that at least one Plaintiff's claim meets the minimum jurisdictional amount and that the aggregate amount in controversy encompassing claims asserted by the more than 100 class members exceeds the jurisdictional minimum for mass actions under CAFA.

---

[23] *See Bishop v. May and Young Hotel, LLC*, 2010 WL 11538366 (M.D. La. Sept. 30, 2010).
[24] *See* Ex. A, Amended Pet., ¶34.
[25] *See id.* at ¶35.
[26] *See May and Young Hotel, LLC*, 2010 WL 11538366, at *3.

**C. Minimal Diversity of Citizenship**

13.

Under CAFA, there need be only minimal diversity, such that at least one plaintiff and one defendant must be citizens of different states.[27]

14.

Plaintiffs are natural persons domiciled in Louisiana. For purposes of federal diversity jurisdiction, a natural person is deemed a citizen of the state where he or she is domiciled.[28] In the case at bar, the Amended Petition provides that "Named Plaintiff/Proposed Class Representative… is a person of the full age of majority, *domiciled in the Parish of Orleans, State of Louisiana*."[29] Thus, at least one Plaintiff is a citizen of the State of Louisiana for purposes of diversity jurisdiction.

15.

RH Eastlake is an LLC. The citizenship of an LLC for diversity purposes is determined by looking to the citizenship of its members.[30]

16.

At all times relevant, RH Eastlake was and is a single member LLC. Its sole member is RH New Orleans Holdings LLC. At all times relevant, RH New Orleans Holdings LLC was and is a single member LLC. Its sole member is RH New Orleans JV LLC. At all times relevant, RH New Orleans JV LLC was and is a single member LLC. Its sole member is RH New Orleans Holdings MM LLC. At all times relevant, RH New Orleans Holdings MM LLC was and is a single member

---

[27] 28 U.S.C. § 1332(d)(2)(A).
[28] *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous").
[29] *See* Ex. A, Amended Pet., ¶¶ 1 (emphasis added).
[30] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("The citizenship of a LLC is determined by the citizenship of its members").

LLC. Its sole member, Mark Silber, is a citizen of the State of New York. Thus, RH Eastlake is a citizen of the State of New York for purposes of diversity jurisdiction.

17.

Therefore, the minimal diversity requirement of 28 U.S.C. § 1332(d) is satisfied in this case because at least one Plaintiff class member and one Defendant are citizens of different states.

### III. TIMELINESS OF REMOVAL & FORUM-DEFENDANT RULE

18.

Defendants have timely sought to remove this action under 28 U.S.C. 1446(b)(3) and the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2) does not apply to this removal under CAFA.

#### A. This Removal is Timely Under 28 U.S.C. § 1446(b)(3)

19.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b). Under 28 U.S.C. § 1446(b)(3), "[i]f the suit is not removable when it is filed but becomes removable later, the suit can be removed if the defendant files the notice of removal within 30 days after the defendant's receipt, 'through service or otherwise,' of a copy of an amended pleading… from which it may first be ascertained that the case is one which is or has become removable."[31]

20.

Plaintiffs named a non-diverse and local defendant in their Petition and, therefore, the present lawsuit was not initially removable when it was filed.[32] To be removable, the grounds for removal must be ascertainable from an examination of the four corners of the initial pleading and

---

[31] 28 U.S.C. § 1446(b)(3); *see Crockett v. R.J. Reynolds Tobacco Co*., 436 F.3d 529, 532 (5th Cir. 2006).
[32] *See* Ex. A, Pet., ¶2.

not through the defendant's subjective knowledge.[33] Under 28, U.S.C. § 1332(a), a suit filed in state court is removable if (1) there exists complete diversity of citizenship between Plaintiffs and Defendants and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.[34] Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."[35] In their Petition, Plaintiffs named and served a local and non-diverse defendant, KFK Group, Inc.[36] Accordingly, the lawsuit was not removable pursuant to 28 U.S.C. § 1441(b)(2) and 28 U.S.C. § 1332(a) when it was filed because Plaintiffs joined and served a non-diverse forum defendant.[37]

21.

On November 14, 2019, Plaintiffs filed their Amended Petition. On November 17, 2019, Plaintiffs emailed a copy of the Amended Petition to undersigned counsel.[38] Class action related allegations which provide the basis for the present removal in this lawsuit are exclusively asserted in Plaintiffs' Amended Petition. As such, the deadline for removal began on November 17, 2019, when Defendants received a copy of Plaintiffs' Amended Petition from which it may first be ascertained that the case is one which is or has become removable.[39]

22.

This Notice of Removal was filed less than 30 days after Defendants received Plaintiffs' Amended Petition, which provided grounds for removal. Accordingly, this Notice of Removal is

---

[33] *Mumfrey v. CVS Pharm.*, 719 F.3d 392, 399 (5th Cir. 2913).
[34] 28 U.S.C. § 1332(a).
[35] 28 U.S.C. § 1441(b)(2).
[36] Ex. A, Pet., ¶2(A), p. 5.
[37] *See* 28 U.S.C. § 1441(b)(2).
[38] *See* Ex. A., Amended Pet., at p. 14. Note that although Plaintiffs' counsel certifies that a copy of the First Amended Petition was emailed to counsel on November 14, 2019, undersigned counsel first received a copy of the pleading on November 17, 2019.
[39] *See* 28 U.S.C. § 1446(b)(3); *see Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)

timely under 28 U.S.C. § 1446(b)(3).

## B. The Forum-Defendant Rule Does Not Apply

23.

The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." However, "A class action may be removed . . . without regard to whether any defendant is a citizen of the State in which the action is brought."[40]

24.

Because Defendants' are removing a class action pursuant to CAFA, the forum-defendant rule does not apply, and therefore, the presence of a Louisiana defendant, such as KFK Group, Inc.,[41] will not bar Defendants' removal of this action.

## IV. CONSENT TO REMOVAL

25.

Generally, when a civil action is removed and there are multiple defendants to the state action, all properly joined defendants must join the removal petition.[42]

26.

However, "A class action . . . may be removed by any defendant without the consent of all defendants."[43] "This language simply amends the rule that "all defendants who have been properly joined and served must join in or consent to the removal of the action."[44]

---

[40] *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1750 (2019) (*quoting* 28 U.S.C. § 1453(b)).
[41] *See* Ex. A, ¶ 7(D).
[42] *See* 28 U.S.C. § 1446; *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422 (5th Cir. 1990).
[43] 28 U.S.C. § 1453(b).
[44] *Home Depot*, 139 S. Ct. at 1750 (*quoting* 28 U.S.C. § 1446(b)(2)(A)).

27.

Here, Defendants need not obtain consent of all defendants to remove this class action.

## VIII. PROCEDURAL COMPLIANCE & CONCLUSION

28.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Defendants are attached hereto as Exhibit "A."

29.

Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

30.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

***WHEREFORE,*** Defendants, Dasmen Residential Management, LLC and RH Eastlake, LLC, respectfully request that this Court assume full jurisdiction over this matter as provided by law. This Court has jurisdiction over the dispute because there is minimal diversity and a requisite amount in controversy for jurisdiction under the Class Action Fairness Act, and alternatively, because there is complete diversity among all properly joined parties and a requisite amount in controversy for diversity jurisdiction.

Respectfully submitted,

*/s/ Tucker T. Bohren*
ERNEST P. GIEGER, JR. (No. 6154)
Email: egieger@glllaw.com
EMILY E. EAGAN (No. 29166)
Email: eeagan@glllaw.com
MICHAEL E. HILL (No. 25708)
Email: mhill@glllaw.com
TUCKER T. BOHREN (No. 37039)
Email: tbohren@glllaw.com
NICHOLAS S. BERGERON (No. 37585)
Email: nbergeron@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
ATTORNEYS FOR DASMEN RESIDENTIAL MANAGEMENT, LLC AND RH EASTLAKE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2019, the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. I also certify that a copy of the above and foregoing has been forwarded to counsel of record for Plaintiffs by electronic transmission on this 18th day of November, 2019.

*/s/ Tucker T. Bohren*
TUCKER T. BOHREN