UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JOHNSHANE POWELL | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | NO.: 2:19-13705 – BWA-DMD |
| V. | * | |
| | * | JUDGE: BARRY W. ASHE |
| DASMEN RESIDENTIAL LLC, ET AL | * | |
| | * | MAGISTRATE JUDGE: DANA DOUGLAS |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**DASMEN RESIDENTIAL MGMT., LLC AND RH EASTLAKE, LLC'S
ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND
IN RESPONSE TO PLAINTIFF'S PETITION FOR DAMAGES AND
<u>FIRST AMENDED PETITION FOR DAMAGES</u>**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Dasmen Residential Mgmt., LLC[1] ("Dasmen"), and RH Eastlake, LLC ("RH Eastlake"), (collectively, "Defendants"), to file their Answer, Affirmative Defenses, and Jury Demand in response to the Petition for Damages (the "Petition") and First Amended Petition for Damages (the "Amended Petition") filed by Plaintiff, Johnshane Powell ("Plaintiff") as follows.

**<u>ANSWER TO PETITION</u>**

In response to the allegations of the Petition, Defendants aver as follows:

1.

The allegations of Paragraph 1 of the Petition are denied for lack of sufficient information to justify a belief therein.

2.

To the extent the allegations of Paragraph 2 of the Petition, including subparts (A) through (C), do not pertain to Dasmen or RH Eastlake, and to the extent an answer is required in

---

[1] Incorrectly named as Dasmen Residential, LLC in Plaintiff's Petition for Damages (Doc. 1-1, p. 1) and Dasmen Residential Management, LLC in Plaintiff's First Amended Petition for Damages (Doc. 1-1, p. 23).

1

response to those allegations, Defendants deny such allegations for lack of sufficient information to justify a belief therein. Defendants admit that Dasmen is a business entity authorized to do business in Louisiana. All other allegations of Paragraph 2, including subparts (A) through (C), not specifically addressed herein are denied.

3.

The allegations of Paragraph 3 of the Petition contain legal conclusions for which no response is required from Defendants. To the extent that a response is required, Defendants aver that venue is proper in the United States District Court for the Eastern District of Louisiana because this lawsuit was properly removed to federal court.[2]

4.

The allegations of Paragraph 4 of the Petition are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 of the Petition, including the suggestion that Defendants are in any way liable, are denied.

6.

The allegations of Paragraph 6 of the Petition, including the suggestion that Defendants are in any way liable, are denied.

7.

The allegations of Paragraph 7 of the Petition are denied.

---

[2] *See* R. Doc. 1.

8.

The allegations of Paragraph 8 of the Petition contain legal conclusions for which no response is required from Defendants. To the extent a response is required, the allegations of Paragraph 8, including the suggestion that Defendants or their insurer(s) are in any way liable, are denied. To the extent any such policies of insurance exist, they speak for themselves.

9.

The allegations of Paragraph 9 of the Petition are denied.

10.

The allegations of Paragraph 10 of the Petition are denied.

11.

The allegations of Paragraph 11of the Petition do not pertain to Defendants. To the extent a response is required, the allegations of Paragraph 11 are denied.

12.

The allegations of Paragraph 12 of the Petition, including the suggestion that Defendants are in any way liable, are denied.

13.

The allegations of Paragraph 13 of the Petition, including the suggestion that Defendants are in any way liable, are denied.

14.

The allegations of Paragraph 14 of the Petition are denied.

15.

The allegations of Paragraph 15 of the Petition, including subparts (A) through (E), are denied. In addition, Defendants specifically request subpart 15(E) be stricken as open-ended allegations are insufficient and improper as a matter of law.

16.

The allegations of Paragraph 16 of the Petition are denied.

17.

Any unnumbered paragraph or paragraphs of the Petition to which Defendants have not responded, including the prayer for relief, are denied.

## ANSWER TO AMENDED PETITION

**AND NOW, FURTHER ANSWERING**, in response to the allegations of the Amended Petition, Defendants aver as follows:

1.

The allegations of Paragraph 1 of the Amended Petition are denied for lack of sufficient information to justify a belief therein.

2.

To the extent the allegations of Paragraph 2 of the Amended Petition, including subparts (A) through (H), do not pertain to Dasmen or RH Eastlake, and to the extent an answer is required in response to those allegations, Defendants deny such allegations for lack of sufficient information to justify a belief therein. Defendants do admit that Dasmen and RH Eastlake are foreign business entities authorized to do business in Louisiana. All other allegations of Paragraph 2, including subparts (A) through (H), not specifically addressed herein are denied.

3.

The allegations of Paragraph 3 of the Amended Petition contain legal conclusions for which no response is required from Defendants. To the extent that a response is required, Defendants aver that venue is proper in the United States District Court for the Eastern District of Louisiana because this lawsuit was properly removed to federal court.[3]

4.

The allegations of Paragraph 4 of the Amended Petition contain legal conclusions for which no response is required from Defendants. To the extent that a response is required, Defendants aver that a federal court has subject matter jurisdiction over Plaintiff's action.

5.

The allegations of Paragraph 5 of the Amended Petition are denied.

6.

The allegations of Paragraph 6 of the Amended Petition are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 of the Amended Petition, including the suggestion that Defendants are in any way liable, are denied.

8.

The allegations of Paragraph 8 of the Amended Petition, including the suggestion that Defendants are in any way liable, are denied.

9.

The allegations of Paragraph 9 of the Amended Petition are denied.

---

[3] *See* R. Doc. 1.

10.

The allegations of Paragraph 10 of the Amended Petition contain mixed conclusions of fact and law for which no response is required from Defendants. To the extent a response is required, the allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 of the Amended Petition do not pertain to Defendants. To the extent a response is required, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 of the Amended Petition contain mixed conclusions of fact and law for which no response is required from Defendants. To the extent a response is required, Defendants admit that RH Eastlake and Eastlake Development, LLC entered into an Act of Sale. The remaining allegations of Paragraph 12, including the suggestion that Defendants are in any way responsible, are denied.

13.

The allegations of Paragraph 13 of the Amended Petition contain mixed conclusions of fact and law for which no response is required from Defendants. To the extent a response is required, the allegations of Paragraph 13, including the suggestion that Defendants are in any way responsible, are denied.

14.

The allegations of Paragraph 14 of the Amended Petition are denied.

15.

The allegations of Paragraph 15 of the Amended Petition do not pertain to Defendants. To the extent a response is required, the allegations of Paragraph 15 are denied

16.

The allegations of Paragraph 16 of the Amended Petition are denied.

17.

The allegations of Paragraph 17 of the Amended Petition are denied.

18.

The allegations of Paragraph 18 of the Amended Petition are denied.

19.

The allegations of Paragraph 19 of the Amended Petition are denied.

20.

The allegations of Paragraph 20 of the Amended Petition are denied.

21.

The allegations of Paragraph 21 of the Amended Petition are denied.

22.

The allegations of Paragraph 22 of the Amended Petition are denied.

23.

The allegations of Paragraph 23 of the Amended Petition are denied.

24.

The allegations of Paragraph 24 of the Amended Petition, including subparts (A) through (G), are denied. In addition, Defendants specifically request subpart 24(G) be stricken as open ended allegations are insufficient and improper as a matter of law.

25.

The allegations of Paragraph 25 of the Amended Petition are denied.

26.

The allegations of Paragraph 26 of the Amended Petition are denied.

27.

The allegations of Paragraph 27 of the Amended Petition are denied.

28.

The allegations of Paragraph 28 of the Amended Petition contain legal conclusions for which no response is required from Defendants. To the extent a response is required, the allegations of Paragraph 28, including the suggestion that Defendants are in any way liable, are denied.

29.

The allegations of Paragraph 29 of the Amended Petition are denied.

30.

The allegations of Paragraph 30 of the Amended Petition contain legal conclusions for which no response is required from Defendants. To the extent a response is required, the allegations of Paragraph 30, including the suggestion that Defendants or their insurer(s) are in any way liable, are denied. To the extent any such policies of insurance exist, they speak for themselves.

31.

The allegations of Paragraph 31 of the Amended Petition, specifically those relating to expert fees, do not require a response from Defendants. To the extent a response is required, and

in response to any other allegations of Paragraph 31 of the Amended Petition, all allegations of Paragraph 31 are denied.

32.

The allegations of Paragraph 32 of the Amended Petition contain legal conclusions and do not require a response from Defendants. To the extent a response is required, the allegations of Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations of Paragraph 33 of the Amended Petition contain legal conclusions for which no response is required from Defendants. To the extent a response is required, the allegations of Paragraph 33, including the suggestion that Defendants are in any way liable, are denied.

34.

The allegations of Paragraph 34 of the Amended Petition contain mixed conclusions of fact and law for which no response is required from Defendants. To the extent a response is required, the allegations of Paragraph 34, including the suggestion that Defendants are in any way liable, are denied.

35.

The allegations of Paragraph 35 of the Amended Petition do not require a response from Defendants. To the extent a response is required, the allegations of Paragraph 32, including the suggestion that Defendants are in any way liable, are denied.

36.

The allegations of Paragraph 36 of the Amended Petition contain mixed conclusions of fact and law for which no response is required from Defendants. To the extent a response is

required, the allegations of Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 37 of the Amended Petition are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 38 of the Amended Petition contain legal conclusions for which no response is required from Defendants. To the extent a response is required, the allegations of Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

Insofar as the allegations of Paragraph 39 of the Amended Petition request a jury trial, Defendants join in demanding a trial by jury on all issues so triable. To the extent the allegations of Paragraph 39 are intended for any other purpose, including imposition of liability against Defendants, the allegations of Paragraph 39 are denied.

40.

Any unnumbered paragraph or paragraphs of the Amended Petition to which Defendants have not responded, including the prayer for relief, are denied.

**AFFIRMATIVE DEFENSES**

**AND NOW, FURTHER ANSWERING,** Defendants assert the following affirmative defenses in response to the Petition and Amended Petition:

1.

The Petition fails to state a right of action or a cause of action against Defendants.

2.

Defendants did not owe and/or breach any duty owed to Plaintiff.

3.

Defendants aver that Plaintiff's damages, if any, were caused in whole or in part through her own fault.

4.

If the alleged incident is found to have been caused by acts or omissions other than those solely attributable to Plaintiff, Defendants aver that Plaintiff's own negligence was a contributing cause to the incident(s) that serve to either bar or diminish Plaintiff's recovery against Defendants.

5.

Defendants aver that the alleged incident was caused, in whole or in part, by the intentional actions and/or negligence of individuals and/or entities other than Defendants and for whom Defendants have no legal responsibility or control. Defendants aver that the comparative fault of these individuals and/or entities serves to bar, diminish, and/or mitigate Plaintiff's recovery against Defendants.

6.

While denying all liability, Defendants aver that in the event any of them should be held liable to any degree to Plaintiff, her recovery must be reduced in proportion to the degrees or percentages of fault attributable to any Plaintiff and/or any third-party.

7.

Defendants aver that the alleged incident was caused by circumstances not within Defendants' control, which serve to bar, diminish, and/or mitigate Plaintiff's recovery against Defendants, if any.

8.

Defendants aver that Plaintiff's claims against Defendants are barred insofar as any alleged action or omission on the part of Defendants, which is denied, was not a direct, substantial, proximate, or contributory cause of any alleged damages suffered or claimed by Plaintiff.

9.

Defendants aver that the alleged incident was caused by a sudden emergency which was not the fault of Defendants and which could not have been reasonably anticipated under the circumstances.

10.

Defendants specifically plead the terms and conditions of the various relevant lease agreements, including any amendments and/or addendums thereto, as if copied herein *in extensio*.

11.

Plaintiff's claims are barred because no damages were sustained.

12.

Plaintiff's injuries, medical conditions and/or damages, if any, pre-existed or occurred as a result of pre-existing, superseding or intervening medical conditions, causes or injuries that are wholly unrelated to any alleged action, activity and/or omission by Defendants and for which

Defendants are not legally responsible, and the existence of those pre-existing, superseding, intervening or other medical conditions, causes or injuries are a bar to and/or mitigating factor to any recovery sought herein.

13.

Defendants aver that Plaintiff's damages and/or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which Defendants are not legally responsible.

14.

The damages sustained by Plaintiff, if any, were the result of an unavoidable accident, incident, or Act of God.

15.

Defendants aver that Plaintiff failed to take reasonable steps to mitigate, minimize, or abate her damages, if any.

16.

To the extent Plaintiff has received compensation, in whole or in part, for the damages and/or injuries alleged in the Petition through the recovery of insurance proceeds and an insurer became legally or conventionally subrogated to Plaintiff's rights, Plaintiff lacks standing to pursue those portions of the claim(s). Defendants aver that they are entitled to credit, set-off and/or reduction for the full amount of any such insurance proceeds Plaintiff has recovered for her alleged damages and/or injuries.

17.

To the extent that Plaintiff has received reimbursement for medical and hospital expenses from any governmental agency or under any hospitalization policy, medical reimbursement plan

or other plan, Plaintiff has no right or cause of action to the extent she have assigned away and/or subrogated her rights and may not recover any damages for such expenses. Defendants aver that they are entitled to credit, set-off and/or reduction for the full amount of any such reimbursement that Plaintiff has received.

18.

Plaintiff is not precluded from participating in the activities or pleasures of life formerly enjoyed, in general, much less specifically as a result of any act or omission on the part of Defendants, if any, as would entitle her to recover for loss of enjoyment of life.

19.

Plaintiff is not entitled to recover any costs for future medical treatment, services, or procedures of any kind unless such treatment, services, or procedures are directly related to a manifest physical or mental injury or disease.

20.

Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages because there is no fixed objective and/or clear and consistent standard under Louisiana law for ascertaining the amount thereof, such that any award of said damages against Defendants would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 6 of the Louisiana Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

21.

Plaintiff's claims are barred, in whole or in part, by compromise, settlement, release and/or accord and satisfaction.

22.

Plaintiff's claims are barred, in whole or in part, by the terms and conditions of her lease agreement.

23.

Any and all claims and causes of action alleged in the Petition are time barred by prescription, preemption, laches, or other applicable statutes of limitation.

24.

Plaintiff's Petition, insofar as it seeks class certification or is considered in any way towards determination of class certification issues, should be denied as the putative class fails to satisfy the requirements imposed by, *inter alia*, Rule 23, *et seq.*, of the Federal Rules of Civil Procedure.

25.

Defendants aver that Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to provide notice to Defendants.

26.

Defendants specifically reserve the right to file and present other and further affirmative defenses after further discovery and investigation herein.

## JURY DEMAND

Defendants pray for a trial by jury on all issues so triable with respect to its answer and affirmative defenses in response to Plaintiff's Petition and Amended Petition and any other supplemental or amending petition filed by Plaintiff.

**WHEREFORE**, Defendants, Dasmen Residential Mgmt., LLC and RH Eastlake, LLC, pray that their Answer, Affirmative Defenses, and Jury Demand in response to the Petition for Damages filed by Plaintiff, Johnshane Powell, be deemed sufficient and, after due proceedings

are had, that judgment be rendered in their favor and against Plaintiff, dismissing all claims against Defendants with prejudice, together with all other relief to which they may be entitled, and that all costs of these proceedings be assessed against Plaintiff.

> Respectfully submitted,
>
> */s/ Tucker T. Bohren*
> ERNEST P. GIEGER, JR. (No. 6154)
> Email: egieger@glllaw.com
> MICHAEL E. HILL (No. 25708)
> Email: mhill@glllaw.com
> EMILY E. EAGAN (No. 29166)
> Email: eeagan@glllaw.com
> TUCKER T. BOHREN (No. 37039)
> Email: tbohren@glllaw.com
> NICHOLAS S. BERGERON (No. 37585)
> Email: nbergeron@glllaw.com
> GIEGER, LABORDE & LAPEROUSE, L.L.C.
> 701 Poydras Street, Suite 4800
> New Orleans, Louisiana 70139
> Telephone: (504) 561-0400
> Facsimile: (504) 561-1011
> ATTORNEYS FOR DASMEN
> RESIDENTIAL MGMT., LLC, AND
> RH EASTLAKE, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of December, 2019, the foregoing Corporate Disclosure was filed electronically with the Clerk of Court using the CM/ECF system. I also certify that a copy of the above and foregoing has been forwarded to counsel of record for Plaintiff by electronic transmission on this 3rd day of December, 2019.

> */s/ Tucker T. Bohren*
> TUCKER T. BOHREN